**Chanthou VEN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70108.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2004.*

Decided Dec. 13, 2004.

Timothy M. Greene, Law Office of Greene & Lloyd, Puyallup, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Nancy E. Friedman, Esq., David Dauenheimer, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and MCKEOWN, Circuit Judges.

### MEMORANDUM **

Substantial evidence supports the Immigration Judge's (IJ's) adverse credibility finding, based in part on the IJ's determination that Chanthou Ven's demeanor was evasive,[1] as well as Ven's testimony about spending four years in prison,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. We give special deference to credibility determinations based on demeanor. *See Paredes–Urrestarazu v. INS,* 36 F.3d 801, 818–19 (9th Cir.1994).

**356**

never mentioned in her asylum application; her lack of explanation for why the Cambodian People's Party ("CPP") stopped questioning her in 1995; and her jumbled explanation for why she left her children behind. Although some of the reasons listed by the IJ might be characterized as the kind of conjecture prohibited by *Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000), on balance, the IJ's decision satisfies the requirement for specific, cogent reasons in support of an adverse credibility finding. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir. 2002).

 Ven's claim of imprisonment by the Khmer Rouge, even if true, is immaterial. The Khmer Rouge has not held power in Cambodia since 1978. More importantly, Ven's week in jail in 1992, during which the CPP interrogated her twice a day about her affiliation with FUNCINPEC, followed by twice-monthly interrogations for three years, does not amount to persecution. *Cf. Prasad v. INS,* 47 F.3d 336, 339 (9th Cir.1995). Even if it did, the sudden cessation of Ven's interrogations, enabling her to live a peaceful year in Cambodia before leaving, suggests that she cannot support a well-founded fear of future persecution. Also, the CPP now shares power with FUNCINPEC, and the 1999 Department of State Country Condition Report describes "renewed political stability" in Cambodia.

Ven's due process claim is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.